**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-02346-RTG
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.**)

LAZARO MIGUEL SANTANA SANTIESTEBAN,

      Petitioner,

v.

[NO RESPONDENT NAMED],

      Respondent.

---

**ORDER TO CURE DEFICIENCIES**

---

Petitioner is being held at a detention facility in Adams County, Colorado. Olga Elena Blain Soto has submitted on Petitioner's behalf a Petition for Writ of Habeas Corpus (ECF No. 1).[1] As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the document is deficient. First, Petitioner has not paid the $5.00 filing fee for a habeas corpus action. In addition, Olga Elena Blain Soto may not represent Petitioner unless she demonstrates she has standing to act as Petitioner's next friend.

"An application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28

---

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout this order.

U.S.C. § 2242. But "next friend" standing under § 2242 is not "granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*.

Olga Elena Blain Soto will be given an opportunity to cure the deficiencies by paying the $5.00 filing fee and submitting an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that satisfies the requirements for next friend standing.

Alternatively, Petitioner may cure the deficiencies by paying the $5.00 filing fee and submitting an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that he signs himself. Accordingly, it is

ORDERED that Petitioner and/or Olga Elena Blain Soto shall have **thirty (30) days from the date of this order** to cure the deficiencies as discussed in this order. Any papers that that are filed in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the Clerk of Court mail a copy of this order to

Petitioner at Petitioner's address. It is

FURTHER ORDERED that the Clerk of Court mail a copy of this order to Olga Elena Blain Soto at the following address: 405 SW 7th Ct., Homestead, FL 33034. It is

FURTHER ORDERED that, if the deficiencies are not cured **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED May 29, 2026.

BY THE COURT:

_Richard T. Gurley_

Richard T. Gurley
United States Magistrate Judge